Beliron Construction Company, Appellant, *v.* Cohen-Seltzer, Inc.

Submitted September 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John C. Butera,* *Clarke F. Hess,* and *Butera & Detwiler,* for appellant.

*Richard W. Hopkins,* and *White and Williams,* for appellee.

OPINION BY WATKINS, P. J., March 31, 1975:

This is an appeal from an order of the Court of Common Pleas of Montgomery County by the plaintiff-appellant, Beliron Construction Company, refusing a new trial after a jury verdict in favor of the defendant-appellee, Cohen-Seltzer, Inc.

The plaintiff is a wholly owned subsidiary of Belmont Industries. The Chairman of the Board of Belmont is Raymond G. Perelman. His son, Ronald Perelman, was, at the time of the occurrence, an employee of Belmont and his father's administrative assistant. At the time of trial, he was Belmont's Vice President.

The facts giving rise to this action began on May 18, 1967, when William Griffths, then Vice President of Belmont, phoned Robert S. Seltzer, then treasurer of Cohen-Seltzer, Inc., an insurance brokerage and agency firm. Griffths told Seltzer that Belmont was proposing to take over the Kennedy Fabricating Company and would need insurance coverage. Seltzer then called on Griffths that same day at the Kennedy facility and inspected the premises and its various departments, made notes of its contents and proposed the type of coverage he felt was required. Seltzer testified at trial that Griffths did not give him any instructions at that time, nor at any other time, to obtain the insurance.

Thereafter, Seltzer proceeded to contact potential insurers in order to place this risk. He did receive commitments to accept the risk from them. However, he received no word from the plaintiff to bind the coverage and testified at trial that he informed Griffths that coverage would begin on the date of settlement. Griffths told him that his people were talking to attorneys about the matter and did not suggest any settlement date.

Another phone call from Griffths to Seltzer took place on May 25, 1967, at which time a discussion of insurance premiums took place. Seltzer returned the call later that day giving Griffths the premium figures. Griffths then told Seltzer that he would contact him further regarding the coverage. Seltzer was not asked to bind the coverage at this time and again expressed concern as to the establishment of a settlement date.

On June 4, 1967, a fire at the Kennedy facility damaged the assets of the plaintiff in the amount of $179,-659.78. Defendant took the position that no insurance coverage had ever been procured from it by plaintiff on this facility and denied making payment. Plaintiff sued defendant claiming the existence of an oral contract of insurance. After a three-day trial the jury returned a verdict in favor of the defendant.

Appellant claims that its motion for a new trial should have been granted by the court below because the verdict was not supported by the evidence. The granting or refusal of a new trial is within the discretion of the trial court except when the record of the proceedings demonstrates that the trial court abused this discretion. *Burd v. Penna. Railroad Co.*, 401 Pa. 284, 164 A. 2d 324 (1960). In the instant case the court below did not abuse its discretion in refusing to grant a new trial since the record indicates that sufficient evidence was adduced at trial so as to enable a jury to return a verdict in favor of the defendant. The defendant produced testimony tending to show that there was no meeting of the minds between the parties in that Seltzer testified that coverage was to be binding on the date of settlement and that no settlement ever took place. Although plaintiff produced testimony tending to contradict that of the defendant, the resolution of such issues is exclusively within the province of the finder of fact which in this case was a jury. It is not

the province of an appellate court to resolve conflicts in the testimony or to usurp the function of the jury. *Burd v. Penna. Railroad Co.,* supra.

Appellant's second contention in support of its request for a new trial is that the trial court erred when it permitted a statement made by Ronald Perelman at the scene of the fire into evidence. Mr. Kennedy, the former owner of the Kennedy Fabricating Company, testified at depositions that when Ronald Perelman arrived at the scene of the fire he exclaimed, "What the eff's the matter with me? I never got a binder!". This statement was read into the record at trial. However, the witness was not produced at trial because he then resided in New Jersey, outside the jurisdiction of our courts, and failed to respond voluntarily to requests for depositions. The defendant had to secure process in New Jersey in order to depose the witness. Thus, this situation falls within Rule 4020(a)(3)(d) of the Pennsylvania Rules of Civil Procedure, in that the defendant has met its burden in demonstrating that the witness was unavailable to the defendant at trial and that both parties were represented at the taking of the deposition. Thus, we hold that the admissibility of the deposition generally was correctly determined by the trial court.

Appellant claims that the admission of Ronald Perelman's statement into evidence was error because the statement was irrelevant and prejudicial. We hold that the statement made by Perelman was relevant to the issue of whether insurance coverage had been obtained since the record reveals that Griffths, Belmont's Vice President, had passed on information regarding the coverage to Perelman and that therefore Perelman was involved in the placing of the insurance. Thus, Perelman's statement does bear on the issue of whether coverage had been procured since he was an employee of the company who was involved in the insurance

negotiations. His statement tends to show that coverage was never obtained. It is the duty of the trial judge to determine whether evidence although allegedly relevant on the ultimate issue, may nevertheless be excluded because its effect at trial will be to confuse the issue by distracting the jury's attention from the main issue to collateral ones. His decision will only be reversed for abuse of discretion. *Geesey v. Albee Penna. Homes, Inc.*, 211 Pa. Superior Ct. 215, 235 A. 2d 176 (1967). There was no abuse of the court's discretion here in admitting the statement since it did bear on the issue as to whether the insurance had been obtained. It is also apparent that the jury could have based its verdict on other evidence produced at trial tending to show that no such contract was ever made. Thus, it cannot be said that the jury based its findings on this statement alone.

Finally, the statement would be admissible under the res gestae rule as a declaration "made in connection with a startling event by one laboring under the stress of nervous excitement caused by it." *Barkman v. Erie Indemnity Co.*, 198 Pa. Superior Ct. 379, 385, 181 A. 2d 874 (1962). The testimony reveals that Ronald Perelman was one who was in a position to know whether the coverage had been obtained and that his statement was uttered at the scene of the fire when he was in an agitated condition caused by the destruction of the facilities of a company which his employer had purchased. The fire itself certainly qualifies as a startling event insofar as Ronald Perelman was concerned and his statement was uttered in the excitement of the event. Thus, his statement was admissible as an exception to the hearsay rule and the court did not abuse its discretion in admitting it as discussed above.

The order of the court below is affirmed.

242

Concurring Opinion by Spaeth, J.:

I think the statement was also, and at least as appropriately, admissible both as an admission, made by one authorized to speak on behalf of a party, McCormick on Evidence §267 (1972), and as a declaration against interest, *id.* §§276-80.

Hoffman, J., joins in this opinion.